IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES E. GIGGETTS, : 
 : 
Petitioner, : CIVIL ACTION NO. 21-1817
 : 
v. : 
 : 
MICHAEL CLARK (SUPERINTENDENT : 
AT ALBION); DISTRICT ATTORNEY : 
(CITY OF PHILADELPHIA); and : 
ATTORNEY GENERAL (STATE OF : 
PENNSYLVANIA), : 
 : 
Respondents. : 

## ORDER

**AND NOW**, this 15th day of July, 2022, after considering the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Charles E. Giggetts ("Giggetts") (Doc. No. 2), the state court record (Doc. No. 7), the respondents' response to the habeas petition (Doc. No. 8), Giggetts' traverse to response to the order to show cause (Doc. No. 13), the report and recommendations by United States Magistrate Judge Timothy R. Rice (Doc. No. 14), and Giggetts' timely objections to the report and recommendations (Doc. No. 16),[1] it is hereby **ORDERED** as follows:

1. The clerk of court shall **REMOVE** this matter from **CIVIL SUSPENSE** and **RETURN** it to the undersigned's active docket;

2. Giggetts' objections to the report and recommendations (Doc. No. 16) are **OVERRULED**;[2]

3. The Honorable Timothy R. Rice's report and recommendations (Doc. No. 14) is **APPROVED** and **ADOPTED**;

4. The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**;

  
5.     The court **DECLINES** to issue a certificate of appealability;[3] and

6.     The clerk of court shall **MARK** this matter as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] Judge Rice filed the report and recommendation on March 30, 2022. *See* U.S. Magistrate's R. & R. ("R. & R."), Doc. No. 14. Per the applicable statute and Local Civil Rule, Giggetts had 14 days from the date of filing to file objections to the report and recommendations. *See* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); E.D. Pa. Loc. Civ. R. 72.1(IV)(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report . . . within fourteen (14) days after being served with a copy thereof."). Thus, he had until April 13, 2022, to file objections.

Although the clerk of court did not docket Giggetts' objections until April 18, 2022, it appears that the envelope containing those objections has a time stamp of April 12, 2022. *See* Doc. No. 16 at ECF p. 10. Therefore, under the prisoner mailbox rule, the court considers the objections to have been timely filed. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988) (concluding that pro se prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk").

[2] By way of brief background, on March 21, 2016, a jury sitting in the Court of Common Pleas of Philadelphia County found Giggetts guilty of robbery, aggravated assault, and robbery of a motor vehicle, after he had car-jacked a woman while she pumped gas at a Sunoco Station in April 2013. *See Commonwealth v. Giggetts*, No. 2773 EDA 2016, 2017 WL 3976372, at *1–2 (Pa. Super. Sept. 11, 2017). Soon thereafter, the trial court sentenced Giggetts to 15 to 30 years' incarceration followed by ten years of probation. *See id.* at *3. Giggetts appealed from this sentence to the Superior Court of Pennsylvania. *See id.* Although the Superior Court determined that the trial court imposed an illegal sentence, the court rejected Giggetts' claims that the verdict was against the sufficiency and weight of the evidence. *See id.* at *3–5. Giggetts then filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which the Court denied on January 23, 2018. *Commonwealth v. Giggetts*, No. 2963 EDA 2019, 2021 WL 306198, at *1 (Pa. Super. Jan. 29, 2021).

The trial court resentenced Giggetts on April 24, 2018, essentially imposing the same sentence as it initially imposed. *See id.* Giggetts then filed a *pro se* petition for post-conviction collateral relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§ 9541–46, on May 16, 2018. *See id.* The PCRA court dismissed the PCRA petition on October 3, 2019. *See id.* Giggetts timely appealed from this decision to the Superior Court, which affirmed the dismissal order on January 29, 2021. *See id.* at *2, 3. It does not appear that Giggetts filed a petition for allowance of appeal to the Pennsylvania Supreme Court.

Giggetts filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2254 on April 15, 2021. *See* Doc. No. 2. In the petition, Giggetts claimed that his trial counsel was ineffective for failing to (1) notify the court and present an alibi defense based on the testimony of his mother, Penny Giggetts, (2) properly investigate, secure, and present an expert to rebut the state's expert on DNA identification, and (3) present a cogent defense. *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at ECF pp. 9, 11, 13, Doc. No. 2. This court referred the petition to Judge Rice for a report and recommendations on May 28, 2021. *See* Doc. No. 5. As discussed above, Judge Rice filed a report on March 30, 2022, in which he, *inter alia*, recommended that the court deny the petition for a writ of habeas corpus with prejudice. *See* Doc. No. 14. As also discussed above, Giggetts timely filed objections to the report and recommendation. *See* Doc. No. 16.

In analyzing Giggetts' objections, the court conducts a *de novo* review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings

or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations, or report).

In his objections to Judge Rice's report, Giggetts argues, *inter alia*, that the report is incorrect in not finding ineffective assistance of counsel relating to his claims that counsel was ineffective for failing to call Penny Giggetts as an alibi witness and for failing to hire and present a rebuttal DNA expert. *See* Pet'r's Objs. To U.S. Magistrate's R. & R. ("Objs.") at 1–8, Doc. No. 16. It does not appear that Giggetts has objected to Judge Rice's analysis with respect to his third ineffectiveness claim: that trial counsel failed to present a cogent defense. As such, the court will not address this claim.

Turning first to Giggetts' ineffective assistance of counsel objections, he contends that "the [state court's] colloquy [regarding counsel's decision not to call witnesses] was complete bogus" because he provided answers under counsel's "defective advice." *Id.* at 4. Giggetts offers no further explanation as to how his counsel's advice was defective.

With regard to ineffective assistance of counsel claims in the federal habeas context,

> a court must apply a doubly deferential standard of review when analyzing an ineffective assistance of counsel claim under § 2254(d)(1). The pivotal question is whether the state court's application of the Strickland [sic] was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard. When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard. As a result, when assessing prejudice under Strickland, a court must determine if petitioner has shown a substantial, not just conceivable likelihood that the outcome of the case would have been different if counsel had performed otherwise. Thus, when viewing a state court's determination that a Strickland claim lacks merit through the lens of § 2254(d), federal habeas relief is precluded so long as fairminded jurists could disagree on the correctness of the state court's decision.

*Guy v. Phelps*, 950 F. Supp. 2d 746, 761 (D. Del. 2013) (internal citations and quotation marks omitted).

Here, as contained in the report, the state trial court colloqued Giggetts on whether he wished to call witnesses, and Giggetts asserted that he was satisfied with his trial counsel's decision to abstain from calling any witnesses, including the purported alibi witness, Penny Giggetts, whom the defense identified as a general defense witness prior to trial. *See* R. & R. at 5 (citations omitted). The court agrees with Judge Rice that the trial court's colloquy was sufficient, and the state courts did not unreasonably rely on his response to the colloquy. *See id.* at 6. In addition, the court concurs with Judge Rice's analysis and determination that it was not objectively unreasonable for the state courts to conclude that Giggetts could not establish that the was prejudiced by trial counsel's decision not to call his mother because (1) her testimony could have been viewed as "suspect and self-serving given their relationship" and (2) it is not likely that the testimony would have changed the verdict considering all the other evidence connecting Giggetts to the crimes. *See id.* at 7. Thus, considered under the appropriate doubly deferential standard, there is no merit to Giggetts' argument that he is entitled to habeas relief relating to his ineffective-assistance-of-counsel claim concerning Penny Giggetts or an alibi defense.

Giggetts additionally argues that Judge Rice erred in not finding his trial counsel ineffective for failing to call a DNA expert to refute the Commonwealth's testimony. As noted in the report, defense attorneys are not required to present rebuttal evidence. *See Harrington v. Richter*, 562 U.S. 86, 111 (2011) ("*Strickland* does not enact Newton's third law for the presentation of evidence, requiring for every prosecution expert an equal and opposite expert from the defense."). As such, defense counsel's permittable decision not to present rebuttal DNA witnesses does not run afoul of the *Strickland* standard. Accordingly, the court also agrees with Judge Rice's recommendation as to deny habeas relief based on this ineffective assistance of counsel claim.

The court notes that Giggetts appears to argue that Judge Rice erred by failing to consider the cumulative effect of his ineffective assistance of counsel claims. *See* Objs. at 3–4 ("The petitioner declares that it is a blatant miscarriage of justice and outright judicial inequality at it's [sic] best, that [Judge Rice], either cannot or simply will not see that even if no one, singular issue that the petitioner has raised is sufficient to establish that the petitioner was both prejudiced and suffered failure at trial under the ineffective assistance of trial counsel, that the total sum of counsel's action [sic] and inactions definitely effected [sic] the outcome of the trial[.]"). While this court recognizes that "errors that individually do not warrant habeas relief may do so when combined." *Albrecht v. Horn*, 485 F.3d 103, 139 (3d Cir. 2007); *see also Marshall v. Hendricks*, 307 F.3d 36, 94 (3d Cir. 2002) (examining prejudice after considering cumulative errors). Nonetheless, Giggetts is not entitled to relief under this theory because (1) he did not raise it before Judge Rice and (2) even if he did, it lacks merit.

As to the first failure in Giggetts' argument, this court is not required to consider a habeas petitioner's arguments raised for the first time in his objections to a report and recommendation. *See Stromberg v. Varano*, Civ. A. No. 09-401, 2012 WL 2849266, at *2 (E.D. Pa. July 11, 2012) ("While a court *'may* ... receive further evidence' following a magistrate judge's report and recommendation, Local Rule 72.1(IV)(c) provides that '[a]ll issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate's Report and Recommendation if they could have been presented to the magistrate judge.'"). Because this new argument could have been presented to Judge Rice, the court does not find that the "interest of justice" compels consideration at this juncture.

Concerning the argument's second failure, Giggetts' argument about the cumulative effect of the purported errors lacks merit because none of them have merit and if Giggetts cannot show he was prejudiced by them when considering them alone, he surely has not demonstrated that they had a "substantial and injurious effect or influence in determining the jury's verdict" or that he suffered actual prejudice. *Fahy v. Horn*, 516 F.3d 169, 205 (3d Cir. 2008).

For these reasons, the court will approve and adopt Judge Rice's report and deny the claims contained in the habeas petition with prejudice.

[3] A court should only issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If, however, the district court

> denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* Here, Giggets has not demonstrated that reasonable jurists would find the issues discussed above to be debatable.